MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
BAUDEL BRAVO, *individually and on behalf of others similarly situated,*

       *Plaintiff*,

-against-

ROCKY'S PIZZA 14TH STREET CORP.
(D/B/A ROCKY'S PIZZA), FERNANDO
MATEO , DONATO DOE , JOHN DOE , and
ELI DOE ,

       *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

  Plaintiff Baudel Bravo ("Plaintiff Bravo" or "Mr. Bravo"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Rocky's Pizza 14th Street Corp. (d/b/a Rocky's Pizza), ("Defendant Corporation"), Fernando Mateo, Donato Doe, John Doe, and Eli Doe, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

  1. Plaintiff Bravo is a former employee of Defendants Rocky's Pizza 14th Street Corp. (d/b/a Rocky's Pizza), Fernando Mateo, Donato Doe, John Doe, and Eli Doe.

  2. Defendants own, operate, or control a pizzeria, located at 304 W 14th Street, New York, NY 10014 under the name "Rocky's Pizza".

3. Upon information and belief, individual Defendants Fernando Mateo, Donato Doe, John Doe, and Eli Doe, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4. Plaintiff Bravo was employed as a counter worker and a cashier at the restaurant located at 304 W 14th Street, New York, NY 10014.

5. At all times relevant to this Complaint, Plaintiff Bravo worked for Defendants without appropriate minimum wage compensation for the hours that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Bravo appropriately for any hours worked at the straight rate of pay.

7. Furthermore, Defendants repeatedly failed to pay Plaintiff Bravo wages on a timely basis.

8. Defendants' conduct extended beyond Plaintiff Bravo to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Bravo and other employees to work without providing the minimum wage compensation required by federal and state law and regulations.

10. Plaintiff Bravo now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11. Plaintiff Bravo seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Bravo's state law claims under 28 U.S.C. § 1367(a).

13. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a pizzeria located in this district. Further, Plaintiff Bravo was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14. Plaintiff Baudel Bravo ("Plaintiff Bravo" or "Mr. Bravo") is an adult individual residing in Queens County, New York.

15. Plaintiff Bravo was employed by Defendants at Rocky's Pizza from approximately August 2019 until on or about September 21, 2020.

16. Plaintiff Bravo consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17. At all relevant times, Defendants owned, operated, or controlled a pizzeria, located at 304 W 14th Street, New York, NY 10014 under the name "Rocky's Pizza".

18. Upon information and belief, Rocky's Pizza 14th Street Corp. (d/b/a Rocky's Pizza) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 304 W 14th Street, New York, NY 10014.

19. Defendant Fernando Mateo is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Fernando Mateo is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Fernando Mateo possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Bravo, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20. Defendant Donato Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Donato Doe is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Donato Doe possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Bravo, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21. Defendant John Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant John Doe is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant John Doe possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Bravo, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22. Defendant Eli Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Eli Doe is sued individually in his capacity as a manager of Defendant Corporation. Defendant Eli Doe possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Bravo, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

23. Defendants operate a pizzeria located in the Greenwich Village neighborhood of Manhattan in New York City.

24. Individual Defendants, Fernando Mateo, Donato Doe, John Doe, and Eli Doe, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

25. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26. Each Defendant possessed substantial control over Plaintiff Bravo's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Bravo, and all similarly situated individuals, referred to herein.

27. Defendants jointly employed Plaintiff Bravo (and all similarly situated employees) and are Plaintiff Bravo's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

28. In the alternative, Defendants constitute a single employer of Plaintiff Bravo and/or similarly situated individuals.

29. Upon information and belief, Individual Defendants Fernando Mateo, Donato Doe, and John Doe operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

   b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c) transferring assets and debts freely as between all Defendants,

   d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

   e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

    f) intermingling assets and debts of their own with Defendant Corporation,

    g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

    h) Other actions evincing a failure to adhere to the corporate form.

30. At all relevant times, Defendants were Plaintiff Bravo's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Bravo, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Bravo's services.

31. In each year from 2019 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

32. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

33. Plaintiff Bravo is a former employee of Defendants who was employed as a counter worker and a cashier.

34. Plaintiff Bravo seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Baudel Bravo*

35. Plaintiff Bravo was employed by Defendants from approximately August 2019 until on or about September 21, 2020.

36. Defendants employed Plaintiff Bravo as a counter worker and a cashier.

37. Plaintiff Bravo regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

38. Plaintiff Bravo's work duties required neither discretion nor independent judgment.

39. From approximately August 2019 until on or about February 29, 2020, Plaintiff Bravo worked from approximately 8:00 p.m. until on or about 6:00 a.m., 3 days a week (typically 30 hours per week).

40. From approximately March 1, 2020 until on or about August 31, 2020, Plaintiff Bravo worked from approximately 4:00 p.m. until on or about 12:00 a.m., 3 days a week and from approximately 4:00 p.m. until on or about 11:00 p.m., 1 day a week (typically 31 hours per week).

41. From approximately September 1, 2020 until on or about September 21, 2020, Plaintiff Bravo worked from approximately 4:00 p.m. until on or about 12:00 a.m., 3 days a week and from approximately 4:00 p.m. until on or about 11:00 p.m., 2 days a week (typically 38 hours per week).

42. Throughout his employment, Defendants paid Plaintiff Bravo his wages in cash.

43. From approximately August 2019 until on or about February 29, 2020, Defendants paid Plaintiff Bravo $15.00 per hour.

44. From approximately March 1, 2020 until on or about August 31, 2020, Defendants paid Plaintiff Bravo a fixed salary of $200 per week.

45. From approximately September 1, 2020 until on or about September 14, 2020, Defendants paid Plaintiff Bravo a fixed salary of $250 per week.

46. From approximately September 15, 2020 until on or about September 21, 2020, Defendants paid Plaintiff Bravo a fixed salary of $300 per week.

47. Plaintiff Bravo's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

48. For example, Defendants required Plaintiff Bravo to work an additional 1 hour past his scheduled departure time for the majority of days he worked in a given week, and did not pay him for the additional time he worked.

49. Although Defendants granted Plaintiff Bravo one thirty-minute break which was later reduced to a ten-minute break from March 2020 onward, these breaks were always interrupted.

50. Plaintiff Bravo was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

51. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Bravo regarding overtime and wages under the FLSA and NYLL.

52. Defendants did not provide Plaintiff Bravo an accurate statement of wages, as required by NYLL 195(3).

53. Defendants did not give any notice to Plaintiff Bravo, in English and in Spanish (Plaintiff Bravo's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

54. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Bravo (and all similarly situated employees) to work without paying him appropriate minimum wage as required by federal and state laws.

55. Plaintiff Bravo was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

56. Defendants' pay practices resulted in Plaintiff Bravo not receiving payment for all his hours worked, and resulted in Plaintiff Bravo's effective rate of pay falling below the required minimum wage rate.

57. Defendants habitually required Plaintiff Bravo to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

58. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

59. Defendants paid Plaintiff Bravo his wages in cash.

60. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

61. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Bravo (and similarly situated individuals) worked, and to avoid paying Plaintiff Bravo properly for his full hours worked.

62. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

63. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Bravo and other similarly situated former workers.

64. Defendants failed to provide Plaintiff Bravo and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

65. Defendants failed to provide Plaintiff Bravo and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

66. Plaintiff Bravo brings his FLSA minimum wage and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

67. At all relevant times, Plaintiff Bravo and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and

have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and willfully failing to keep records under the FLSA.

68. The claims of Plaintiff Bravo stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

69. Plaintiff Bravo repeats and realleges all paragraphs above as though fully set forth herein.

70. At all times relevant to this action, Defendants were Plaintiff Bravo's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Bravo (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

71. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

72. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

73. Defendants failed to pay Plaintiff Bravo (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

74. Defendants' failure to pay Plaintiff Bravo (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

75. Plaintiff Bravo (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

76.     Plaintiff Bravo repeats and realleges all paragraphs above as though fully set forth herein.

77.     At all times relevant to this action, Defendants were Plaintiff Bravo's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Bravo, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

78.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Bravo less than the minimum wage.

79.     Defendants' failure to pay Plaintiff Bravo the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

80.     Plaintiff Bravo was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW

81.     Plaintiff Bravo repeats and realleges all paragraphs above as though fully set forth herein.

82.     Defendants failed to provide Plaintiff Bravo with a written notice, in English and in Spanish (Plaintiff Bravo's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by

the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

83. Defendants are liable to Plaintiff Bravo in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

84. Plaintiff Bravo repeats and realleges all paragraphs above as though fully set forth herein.

85. With each payment of wages, Defendants failed to provide Plaintiff Bravo with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

86. Defendants are liable to Plaintiff Bravo in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

87.     Plaintiff Bravo repeats and realleges all paragraphs above as though set forth fully herein.

88.     Defendants did not pay Plaintiff Bravo on a regular weekly basis, in violation of NYLL §191.

89.     Defendants are liable to Plaintiff Bravo in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Bravo respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Bravo and the FLSA Class members;

(c)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Bravo's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Bravo and the FLSA Class members;

(e)     Awarding Plaintiff Bravo and the FLSA Class members damages for the amount of unpaid minimum wage and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff Bravo and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Bravo;

(h)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Bravo;

(i)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Bravo's compensation, hours, wages and any deductions or credits taken against wages;

(j)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Bravo;

(k)     Awarding Plaintiff Bravo damages for the amount of unpaid minimum wage, and for any improper deductions or credits taken against wages as applicable

(l)     Awarding Plaintiff Bravo damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)     Awarding Plaintiff Bravo liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n) Awarding Plaintiff Bravo and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(o) Awarding Plaintiff Bravo and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(p) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Bravo demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

October 29, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:  /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*
